**Henry BZDZUICH and Richard Schiff, Petitioners,**

v.

**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, Respondent.**

No. 94–4168.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1995.

Decided Feb. 22, 1996.

---

Nanette L. Korpi (briefed), Andrew J. Haliw, III (briefed), Frank E. Henke (argued), Haliw, Siciliano & Mychalowych, Farmington Hills, MI, for Petitioners.

Hope P. McGowan (briefed), U.S. Department of Justice, Criminal Division, Washington, DC, Janet Reno, U.S. Attorney General, Washington, DC, Philip Urofsky (argued), U.S. Department of Justice, Narcotic & Dangerous Drug Section, Washington, DC, for Respondent.

\* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Before MARTIN and JONES, Circuit Judges; BELL, District Judge.\*

**PER CURIAM.**

Before this panel of the court is petitioners' appeal from the United States Drug Enforcement Administration's (DEA) denial of a request for an employment waiver for a pharmacist previously convicted of a controlled substance-related felony. For the reasons that follow, we affirm.

## I. Background

Henry Bzdzuich (Bzdzuich) was licensed as a pharmacist in the State of Michigan in 1964. He worked at a pharmacy in Detroit owned by Jacob Schiff and his son Richard (Schiff) for 15 years. In 1982, he left Schiff to be the manager and 20 percent owner of a "Unarex" pharmacy. In 1987, pharmacists from 30 "Unarex" pharmacies were indicted for conspiracy to defraud insurance companies and divert controlled substances for profit. In 1988, Bzdzuich pled guilty to one count of racketeering activity (specifically, two instances of distribution of Preludin, a Schedule II controlled substance, outside the course of legitimate medical practice). Pursuant to this plea, he agreed to relinquish his pharmacy license. Bzdzuich received a four year prison sentence.

In 1993, the Michigan State Board of Pharmacy reinstated Bzdzuich's pharmacy license on the condition that he practice pharmacy under the personal supervision of a licensed pharmacist for 6 months, followed with one year of general supervision by a licensed pharmacist. Richard Schiff (Schiff), a licensed pharmacist for whom Bzdzuich had previously been employed, offered Bzdzuich employment. Pursuant to 21 C.F.R. § 1301.76(a), however, he could not employ Bzdzuich because of his controlled substance-related felonies.

On April 28, 1993, Schiff made an application for a waiver of the foregoing regulation. The DEA denied the application on October

25, 1993. Schiff filed for reconsideration on November 4, 1993, which was, again, denied on February 3, 1994. Before the foregoing denial, on January 17, 1994, Schiff sent in another application for a waiver. On October 11, 1994, the DEA sent a letter to Schiff denying the request for a waiver on the basis that insufficient time had elapsed since the conviction. Schiff and Bzdzuich filed this petition for review on November 10, 1994.

Petitioners raise three issues for our review: whether (1) the DEA's denial of Schiff's application for an employment waiver was supported by substantial evidence; (2) the DEA deprived Bzdzuich of liberty or property without due process of law; and (3) the regulations relied on by the DEA in denying petitioners' application for a waiver provided adequate warning of the standards to be used for such evaluations.

## II. Conclusions of Law

Under 21 U.S.C. § 823(b), distributors of controlled substances must be registered by the Attorney General. The regulations for registration are contained in 21 C.F.R. Part 1301. These regulations provide that a registrant shall not employ any person who has been convicted of a felony relating to controlled substances. 21 C.F.R. § 1301.76(a). The DEA, however, has a practice of waiving this provision, but there are no regulations specifying the circumstances under which a waiver will be granted.

### A. Substantial Evidence

■ Findings of fact by the DEA, if supported by substantial evidence, are conclusive. 21 U.S.C. § 877. Petitioners contend there was not substantial evidence to support the DEA's denial of the waiver request. The October 11, 1994, denial letter states that, after consultation with DEA offices, "it is my decision to again deny your request for a waiver," and mentions that Bzdzuich had been advised that he might consider having a waiver request submitted on his behalf in 18 to 24 months.

Petitioners maintain that the foregoing denial is not supported by substantial evidence because the DEA did not specify what evidence it was relying on in reaching its determination that insufficient time had elapsed since the conviction. Neither did the DEA explain why the period of time should be a factor in denying the application.

The DEA contends there is substantial evidence to support their decision. They contend that the October 1994 letter must be read in conjunction with the first denial letter of October 1993. The October 25, 1993, letter stated that the following factors were important in denying this request for a waiver:

(1) In December 1987, Mr. Bzdzuich pled guilty to one count of conspiracy to unlawfully distribute controlled substances and to one count of Racketeering Influenced and Corrupt Organizations; (2) Mr. Bzdzuich was involved in a large conspiracy with several associates from at least 1981 to 1985; (3) The case files indicate that individuals would bring Mr. Bzdzuich a stack of prescriptions approximately one inch thick and return the next day to pick up the controlled substances; (4) According to a telephone conversation between [Schiff] and Diversion Investigators of the Detroit DEA office, [Schiff] stated that Mr. Bzdzuich's illegal activities were "quite extensive;" and (5) According to information you provided, Mr. Bzdzuich might be left in charge of the pharmacy in the event of vacations of store staff and that pharmacy technicians would "watch" Bzdzuich at other times.

■ The court is unaware of any precedents interpreting the phrase "substantial evidence" as used in 21 U.S.C. § 877. In other contexts, "[s]ubstantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989). Applying this deferential standard to the DEA, its decision is supported by substantial evidence. Because the October 11, 1994, letter references the earlier denial, it is appropriate to look to the contents of the October 1993 letter to evaluate the evidence relied on by the DEA. That letter gives some reasonable

concerns, such as the extent of Bzdzuich's involvement and insufficient supervision, that would support denial of a waiver. In addition, a reasonable person could believe that a waiting period would serve the prophylactic purpose of making petitioner aware of the serious responsibilities inherent in the privilege of being granted access to controlled substances.

## B. Due Process

 Petitioners contend they were deprived of their due process rights because they had no opportunity to be heard before the denial. In evaluating a due process claim the court must determine whether a property or liberty issue exists and, if so, what procedures are constitutionally required to protect that right. *Johnston–Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir.1990). Though no party has directly raised the issue of standing, we can and must address the issue sua sponte as an incident of our subject matter jurisdiction. *American Fed. of State, County & Mun. Employees Local 506 v. Private Indus. Council*, 942 F.2d 376, 378 (6th Cir. 1991). Though Bzdzuich and Schiff are styled as the petitioners on appeal, we notice that petitioners' allegations turn exclusively on the deprivation of Bzdzuich's due process rights. 21 C.F.R. § 1301.76(a), however, is a restriction on the hiring privileges of registered distributors of controlled substances. As such, only Schiff filed an application for waiver from the imperative administrative rule. Thus, the DEA's denial to issue a waiver to Schiff granted standing only to Schiff to proceed on appeal as a "person aggrieved by a final decision of the Attorney General...." 21 U.S.C. § 877. Bzdzuich, therefore, was piggybacking on Schiff's right to appeal. Even if Bzdzuich could establish legal injury, such an injury is not within the "zone of interests" of the statutory provision which forms the basis of his complaint. *Air Courier Conference v. American Postal Workers Union*, 498 U.S. 517, 522–25, 111 S.Ct. 913, 917–19, 112 L.Ed.2d 1125 (1991). Said otherwise, 21 U.S.C. § 823(b), the statute under which 21 C.F.R. § 1301.76(a) was promulgated, was not enacted to protect the employment rights of pharmacists with or without felony drug convictions. 21 U.S.C.

§ 823(b) explicitly states the interest protected by its registration requirement—the public interest:

> (b) The Attorney General shall register an applicant to distribute a controlled substance in schedule I or II unless he determines that the issuance of such registration is inconsistent with the public interest. In determining the public interest, the following factors shall be considered:
>
> (1) maintenance of effective control against diversion of particular controlled substances into other than legitimate medical, scientific, and industrial channels;
>
> (2) compliance with particular State and local law;
>
> (3) prior conviction record of applicant under Federal or State laws relating the manufacture, distribution, or dispensing of such substances;
>
> (4) past experience in the distribution of controlled substances; and
>
> (5) such other factors as may be relevant to and consistent with the public health and safety.

Distilled into a theme, the interest protected in 21 U.S.C. § 823(b) is the interest of the public in the legitimate use of controlled substances and, by implication, to contain the deleterious consequences to the public's health and safety of illegitimate use. As such, Bzdzuich's desire to be employed by Schiff is not within the "zone of interests" protected by the statute under which he seeks relief and, therefore, he has no standing on this appeal. This does not necessarily mean that Bzdzuich can never gain standing to seek relief. It does mean that he must proceed on his own in a court of competent jurisdiction.

 Though petitioner's brief mentions in the statement of the issues presented that Schiff had been deprived of his due process rights, no substantive mention is made of him thereafter. In the absence of any substantive argument, we are unclear about the basis of Schiff's allegation—how he contends he was deprived of property. In any event, to have a property right in an employment relationship, one must "have a legitimate claim of

entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Here, there is no deprivation of an existing employment relationship. Moreover, administrative rules would have rendered void an employment contract between Schiff and Bzdzuich if the latter had been contracted as a pharmacist with access to controlled substances. Thus, no process was due in the DEA's denial of the employment waiver.

### C. Vagueness

■■■ Petitioners, also, contend that the waiver regulation is unconstitutionally vague because it did not adequately inform them of the standard to be used in evaluating the waiver request. The constitutional prohibition against vague laws is directed at two concerns: (1) to provide "fair warning" so as to safeguard the innocent, and (2) to avoid arbitrary applications of the law by insisting upon explicit standards regulating conduct. *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972); *Fleming v. Dep't of Agriculture*, 713 F.2d 179, 184 (6th Cir.1983).

Petitioners concede that "[t]he DEA has developed a procedure for employers who wish to employ persons who would be subject to [21 C.F.R.] § 1301.76 . . . ." Petitioners' Brief at 9. This procedure has been issued in a document entitled, "REQUESTS FOR WAIVERS TO 21 CFR 1301.76." The document provides that "[t]he Administrator may grant an exception in his discretion, but in no case shall he be required to grant an exception unless otherwise required by law or regulation." This document notifies the employer of what the Administrator deems relevant to the decision: (1) the hiring registrant's understanding of the circumstances of the prospective employee's drug related felonies, and (2) a description of the prospective employee's access to controlled substances and how the registrant plans to supervise the employee's access to the same. This is enough to inform a person of common intelligence that these were the factors upon which the Administrator would rely in making his decision.

The denial of the employment waiver request from the DEA is affirmed.