DECISION AND JOURNAL ENTRY
Defendant Franklin Davis has appealed from a judgment of the Summit County Common Pleas Court that denied his petition for removal of his classification as a sexual predator. This Court affirms.
 I.
On June 4, 1987, Defendant was indicted on one count of rape in violation of R.C. 2907.02. On October 15, 1987, the trial court amended the charge to the lesser included offense of sexual battery with a physical harm specification. Also on that date, Defendant entered a guilty plea to the count of sexual battery with the physical harm specification. On November 24, 1987, the trial court sentenced him accordingly.
On April 6, 1998, the trial court held a hearing pursuant to R.C. 2950.09 to determine whether Defendant should be classified as a sexual predator. After considering the evidence presented, the record and the factors set forth in R.C. 2950.09(B)(2)(a) through (j), the trial court found that Defendant should be classified as a sexual predator. Defendant did not appeal that determination.
On August 16, 1999, Defendant filed a petition for the removal of his classification as a sexual predator pursuant to R.C. 2950.09(D)(1)(a). In his petition, instead of propounding arguments in support of his assertion that his sexual predator classification should be removed, he requested a hearing at which he proposed to submit evidence of the factors set forth in R.C.2950.09(B)(2)(a) through (j). Also, he attached the following to his motion: (1) a certificate of completion of the Relapse and the Magellan Sex Offender Program, which included twenty-four hours of class on healthy coping approaches to manage life problems; (2) a Magellan Program Treatment Summary, which set out what Defendant learned through the program; (3) a certificate of completion from Bluffton College for a course of study in Performance Management; (3) a certificate of completion from the Ohio Central School System for a program in Employment Readiness; (4) a letter from Bluffton College explaining the Performance Management and Employment Readiness programs; and (5) three letters from an Akron Police Detective seeking leniency on Defendant's behalf due to Defendant's agreement to testify against his cell-mate for the alleged murder of a seventy-one-year-old man. The trial court denied the petition without a hearing. Defendant timely appealed, asserting two assignments of error.
 II. A. [Defendant's] Due Process of Law Rights were violated by the trial court's refusal to provide a hearing to consider evidence of [Defendant's] declassification.
In his first assignment of error, Defendant has asserted that the trial court's denial of his petition without a hearing violated his procedural due process rights. This Court disagrees.
Under the Fourteenth Amendment to the United States Constitution, "[n]o state shall * * * deprive any person of life liberty or property without due process of law." In evaluating whether a person has a due process claim, a court "must determine whether a property or liberty interest exists and, if so, what procedures are constitutionally required to protect that right."Bzdzuich v. U.S. Drug Enforcement Admin. (C.A. 6, 1996),76 F.3d 738, 742. Procedural due process ensures that a state proceeding resulting in a deprivation of property or liberty is fair. SeeLicari v. Ferruzzi (C.A. 1, 1994), 22 F.3d 344, 347. The guarantee is inapplicable where there is no interference with life, liberty, or a vested property right. The Board of Regentsof State Colleges v. Roth (1972), 408 U.S. 564, 570,33 L.Ed.2d 548, 556. Accordingly, in order to have a valid procedural due process claim, Defendant must show that he had a property or liberty interest defined by law and that the State, acting under the color of law, deprived him of that interest without adequate process. See Licari, 22 F.3d at 347.
Defendant has asserted that the trial court denied him due process of law when it denied his petition for the removal of his sexual predator classification without a hearing. Pursuant to R.C. 2950.09(D), an offender who has been classified as a sexual predator can petition the court to remove the classification. R.C. 2950.09(D) provides, in pertinent part:
 (1) Upon the expiration of the applicable period of time specified in division (D)(1)(a) or (b) of this section, an offender who has been convicted of or pleaded guilty to a sexually oriented offense and who has been adjudicated as being a sexual predator relative to the sexually oriented offense in the manner described in division (B) or (C) of this section may petition the judge who made the determination that the offender was a sexual predator, or that judge's successor in office, to enter a determination that the offender no longer is a sexual predator. Upon the filing of the petition, the judge may review the prior sexual predator or determination that comprises the sexual violent predator adjudication, and, upon consideration of all relevant evidence and information, including, but not limited to, the factors set forth in division (B)(2) of this section, either shall enter a determination that the offender no longer is a sexual predator or shall enter an order denying the petition. The court shall not enter a determination under this division that the offender no longer is a sexual predator unless the court determines by clear and convincing evidence that the offender is unlikely to commit a sexually oriented offense in the future. * * * If the judge enters an order denying the petition, the prior adjudication of the offender as a sexual predator shall remain in effect. An offender determined to be a sexual predator in the manner described in division (B) or (C) of this section may file a petition under this division after the expiration of the following periods of time:
 (a) Regardless of when the sexually oriented offense was committed, if, on or after January 1, 1997, the offender is imprisoned or sentenced to a prison term or other confinement for the sexually oriented offense in relation to which the determination was made, the offender initially may file the petition not earlier than one year prior to the offender's release from the imprisonment, prison term, or other confinement by discharge, parole, judicial release, or any other final release. * * *
Defendant has asserted that due process required the trial court to have a hearing on his petition to enable him to protect and defend his reputation.
Defendant has failed to show that the state deprived him of either a property or a liberty interest. Defendant appears to be claiming that he was deprived of the opportunity to present evidence to the trial court to protect and defend his reputation. Despite Defendant's contentions, he was previously given an opportunity to protect and defend his reputation. Prior to being designated a sexual predator, Defendant was given a hearing at which he had the ability to oppose his designation by presenting evidence and testimony. At that time, he was provided with notice and an opportunity to be heard prior to being subject to the requirements of R.C. Chapter 2950. Nevertheless, Defendant has contended that his deprivation occurred when the trial court denied him a second hearing.
In addition to the due process protections at the initial hearing, the General Assembly fashioned the remedy set forth in R.C. 2950.09(D) to enable persons who have been designated as sexual predators an opportunity to demonstrate that the designation is no longer necessary to protect society. That portion of the statute is remedial in nature and does not involve any deprivation of life, liberty, or property. Moreover, R.C.2950.09(D) provides sexual predators with an opportunity to be heard. The General Assembly gave those persons who have been designated as sexual predators an opportunity to file a petition with the court. As such, the lack of a hearing did not, as Defendant has contended, deny him an opportunity to present evidence that he is unlikely to commit a sexually oriented offense in the future. Defendant could have submitted evidence in his petition via affidavits in support of his arguments. Accordingly, the trial court's denial of Defendant's petition without a hearing did not deny Defendant's due process rights. Defendant's first assignment of error is overruled.
 B. [R.C. 2950.09] [c]onstitutes a denial of Due Process of Law, and therefore is unconstitutional under scrutiny.
In his second assignment of error, Defendant has asserted that R.C. 2950.09 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Ohio Constitution. This court has previously considered, and rejected this assertion. State v. Jameson (Apr. 22, 1998) Lorain App. No. 97CA006704, unreported, at 5-8. Therefore, Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
BATCHELDER, P.J. and BAIRD, J. CONCUR.